IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO YOUNG,<br><br>    Petitioner,<br><br>  vs.<br><br>JOE MCGRATH,<br><br>    Respondent. | No. C 07-3905 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano, in Vacaville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. After the Court determined that Petitioner had filed a mixed petition and required Petitioner to notify the Court how he wished to proceed on the petition, he informed the Court that he wished to dismiss claim four and proceed on the exhausted claims, one through three, in the petition. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of murder in Contra Costa County Superior Court and sentenced on August 16, 2002. Petitioner's appeal to the California Court of Appeal was denied in 2006, as was his petition for review in the Supreme Court of California. The instant federal habeas petition was filed on July 30,

2007.

## DISCUSSION

I <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II <u>Legal Claims</u>

The petition raises the following ground for relief: 1) Petitioner's right to due process and a fair trial was violated by the trial court's failure to inquire into jury misconduct; 2) the trial court's instruction on reasonable doubt violated Petitioner's constitutional rights; and, 3) the trial court's instructions on consciousness of guilt violated Petitioner's right to due process and a fair trial. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:   December 19, 2008

JEFFREY S. WHITE
United States District Judge

3